## In re SCRUGGS BROS.

(District Court, S. D. Alabama. December, 1917.)

1. MORTGAGES ⚖⇒171(5)—MISTAKE IN DESCRIPTION—NOTICE TO TRUSTEE IN BANKRUPTCY.

The repetition in the description of the property as the "N. W. ¼ of N. E. ¼" and "N. ½ of N. E. ¼," in the same township and range, carried no notice to a trustee in bankruptcy of the mortgagor that the N. ½ of the N. W. ¼ was intended to be conveyed.

2. NOTICE ⚖⇒6—CONSTRUCTIVE NOTICE—KNOWLEDGE OF FACTS.

The rule of notice is that knowledge of facts which, if followed up, would disclose the true state of facts, is efficacious.

3. BANKRUPTCY ⚖⇒151—PROPERTY VESTING IN TRUSTEE—REAL PROPERTY.

Real property of a bankrupt, which was intended to be covered by a mortgage, but which was not sufficiently described therein to give the trustee notice thereof, passes to the trustee, under Bankruptcy Act July 1, 1898, § 47, as amended by Act June 25, 1910, § 8 (Comp. St. 1916, § 9631), vesting the trustee with all the rights, remedies, and powers of a judgment creditor holding a lien by legal or equitable proceedings thereon.

In Bankruptcy. In the matter of Scruggs Bros., bankrupts. On petition of W. R. Belsher to review ruling of the referee on a petition to order the trustee to convey certain property to the petitioner. Petition denied, and ruling of the referee affirmed.

Brooks & McMillan, of Mobile, Ala., for petitioner.

ERVIN, District Judge. This matter comes on to be heard on the petition of W. R. Belsher to review the ruling of the referee rendered on the following state of facts:

Belsher filed a petition before the referee, setting up that W. S. Scruggs, one of the bankrupts, had executed a mortgage to the said W. R. Belsher to secure $1,500, which mortgage had become past due, and had been foreclosed by the said Belsher, and at said sale the property has been bought in by said Belsher on such foreclosure. The petition set up the fact that there had been a mistake made in the mortgage as executed by Scruggs, in that the said mortgage conveyed with other property to the "N. W. ¼ of N. E. ¼, section 31, township 11, range 1 west; N. ½ of N. E. ¼, section 31, township 11, range 1 west." The petition recites that it was the intention of the grantor to convey the N. ½ of the N. W. ¼ of section 31, instead of the N. ½ of the N. E. ¼ of said section 31.

It is manifest that there is a repetition in the mortgage as written; because the N. ½ of the N. E. ¼ includes the N. W. ¼ of the N. E. ¼. It appears that this same mistake was carried through into the foreclosure conveyances. The petition prays that the referee will order the trustee to convey to petitioner the N. ½ of the N. W. ¼ of section 31, the title to which stood in the bankrupt. The referee denied this petition because of the language of section 47 of the Bank-

ruptcy Act July 1, 1898, c. 541, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1916, § 9631).

[1] It is contended by petitioner that the repetition in the mortgage gives notice of the fact that the N. ½ of the N. W. ¼ was intended to be conveyed instead of the N. ½ of the N. E. ¼ as described in the mortgage, and that the bankruptcy schedules, which state that this piece of property was covered by the mortgage, brought the property into court subject to the notice of this mistake. I cannot see that this mistake carried any notice to the trustee that the N. ½ of the N. W. ¼ was intended to be conveyed.

[2] The rule of notice is that "knowledge of facts, which, if followed up, would disclose the true state of facts, is efficacious," but here notice could not have given more information than an examination of the mortgage would have showed, and that would have shown that one piece of property was twice described. It is common knowledge that people do frequently twice describe property in making conveyances, and hence the trustee had no notice of anything more than what an examination of the mortgage itself would have disclosed.

[3] There was no adverse claimant to the N. ½ of the N. W. ¼ of section 31, so that, when the bankrupt filed his schedules, as I construe the act, that brought this property into the custody of the bankruptcy court, and therefore the trustee, under the language of the amendment above referred to, is "deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon." Where property is not covered by any mortgage, and where there is nothing to show that it was intended to include it in the mortgage, I take it that, if a lien by legal or equitable proceedings is fastened on this property, the lienholder has a prior equity in the property to one who merely claims that it was the intention of the owner of the property to include it in a mortgage made by him.

It is therefore ordered that the petition be and the same is hereby denied, and the ruling of the referee is affirmed.